UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LEROY J. FLEMING,

        Plaintiff,                      CASE NO. 04-70764

v.                                    HONORABLE PATRICK J. DUGGAN

PATRICIA L. CARUSO, et al.,

        Defendants.
_____/

**OPINION AND ORDER GRANTING DEFENDANTS RUBITSCHUN'S, RICCI'S, CARUSO'S, BRUNK'S, GERRY'S MCBRIDE'S, PACK'S, PHILLIPS', WHITE'S, AND YONKEE'S MOTION TO TAX COSTS**

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on MAY 24, 2005.

PRESENT:   THE HONORABLE PATRICK J. DUGGAN
                   U.S. DISTRICT COURT JUDGE

Plaintiff, a pro se prisoner, filed this action pursuant to 42 U.S.C. § 1983 alleging that Defendants violated his civil rights in 2002 and 2003 while he was a prisoner incarcerated at the Parnall Correctional Facility in Jackson, Michigan. Presently before the Court is Defendants' motion to tax costs, filed pursuant to Rule 54(d)(1) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1920. Defendants seek costs in the amount of $62.60, consisting of copying costs totaling $42.60 and nominal attorney's fees in the amount of $20.

Section 1920 provides:

> A judge or clerk of any court of the United States may tax as costs the following:
>
> **(1)** Fees of the clerk and marshal;
> **(2)** Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
> **(3)** Fees and disbursements for printing and witnesses;
> **(4)** Fees for exemplification and copies of papers necessarily obtained for use in the case;
> **(5)** Docket fees under section 1923 of this title;
> **(6)** Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.
>
> A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree.

28 U.S.C. § 1920.  Rule 54(d)(1) provides: "Except when express provision therefor is made either in a statute of the Untied States or in these rules, costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court directs otherwise . . . ." FED. R. CIV. P. 54(d)(1).

The Prison Litigation Reform Act requires a prisoner such as Plaintiff to pay in full the costs awarded, either immediately or over time.  28 U.S.C. §§ 1915(f)(2)(A) & (B).  It is the losing litigants obligation to show a present inability to pay costs.  *Weaver v. Toombs*, 948 F.2d 1004, 1014 (6th Cir. 1991).  But even then, taxable costs may be assessed as payable in the future as funds become available in a plaintiff's prisoner account.  *See* 28 U.S.C. §§ 1915(a) & (b)(1).

On March 28, 2005, this Court issued an Opinion and Order granting Defendants' motion to dismiss or for summary judgment.  As a result, the Court dismissed all of Plaintiff's claims

against Defendants and entered judgment in Defendants' favor.  Clearly, therefore, Defendants prevailed in this action and are entitled to the costs they now seek pursuant to Rule 54(d)(1) and Section 1920.

Accordingly,

**IT IS ORDERED**, that Defendants Rubitschun's, Ricci's, Caruso's, Brunk's, Gerry's, McBride's, Pack's, Phillips', White's, and Yonkee's motion to tax costs is **GRANTED**;

**IT IS FURTHER ORDERED**, that costs are taxed against Plaintiff in the amount of $62.60.

                                                  s/PATRICK J. DUGGAN
                                                  UNITED STATES DISTRICT JUDGE

Copies to:
Leroy J. Fleming
#163851
Pugsley Correctional Facility
7401 E. Walton Road
Kingsley, MI 49649

Christine M. Campbell, Esq.